## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASCENT PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 23-486-JFB-CJB |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs") and Defendant Ascent Pharmaceuticals, Inc. ("Ascent" or "Defendant") are parties (Plaintiffs and Defendant collectively, the "Parties") to the above referenced patent infringement case (the "Litigation");

**WHEREAS**, discovery in this Litigation may involve the disclosure of certain documents, things, and information in the possession, custody, or control of the Parties or a Non-Party that constitute or contain trade secrets or other confidential research, development, manufacturing, regulatory, financial, marketing, or other competitive information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure;

**WHEREAS**, good cause exists for entry of this Protective Order, *see* Fed. R Civ. P. 26(c), *Pansy v Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994);

**WHEREAS**, this Protective Order provides reasonable restrictions on the disclosure and

1

use of such sensitive materials of a confidential nature;

**WHEREAS**, all Parties agree to the terms of this Protective Order to protect such confidential documents and information; and

**WHEREAS**, all Parties agree that the terms of this Protective Order will not unreasonably prevent sharing of confidential documents and information between the Parties as necessary to prepare this case for trial.

**THEREFORE**, in view of the foregoing and because the Parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c), and the Court having determined good cause exists for entry of this Protective Order,

**IT IS HEREBY STIPULATED, AGREED, and ORDERED BY THE COURT**, as follows:

1. **<u>Scope of Protective Order.</u>** This Protective Order shall apply to all information, documents, things, responses to discovery, and testimony produced voluntarily or within the scope of discovery in this Litigation, including, without limitation, all documents or things produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced and documents and things marked as exhibits at depositions, hearings, and at trial, testimony adduced upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any Party to this Litigation or any Non-Party, to the extent such material is designated "CONFIDENTIAL INFORMATION" in accordance with Paragraph 4 of this Protective Order.  The Party or Non-Party producing such information is referred to both in the singular and in the plural hereafter as the "Producing Party,"

and the Party receiving such information is referred to hereafter as the "Receiving Party."

This Protective Order shall also govern any designated record of information produced in this Litigation pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

2. **Definitions.**  The following terms, as used herein, are defined as follows:

    A.    "CONFIDENTIAL INFORMATION" means any form of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).  The designation of CONFIDENTIAL INFORMATION by a Producing Party constitutes its representation that it reasonably and in good faith believes that the designated material constitutes or contains information in one or more of the foregoing categories within the meaning of Fed. R. Civ. P 26(c)(1)(G).  Further, CONFIDENTIAL INFORMATION includes: (a) all copies, extracts, and complete or partial summaries prepared from CONFIDENTIAL INFORMATION, and (b) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION includes information that is of such a sensitive nature that it supports a reasonable and good faith belief that granting access to such information to an employee or officer of a competitor will place the Producing Party at a competitive disadvantage.

    B.    "Non-Party" shall mean any person or entity that is not a Party to this Litigation.

    C.    "Scheduling Order" shall mean an order entered in this Litigation by the Court pursuant to Fed. R. Civ. P. 16(b)(1), and any amendments or supplements ordered

by the Court thereto.

      D.    "Testifying Expert" has the same meaning as that recited in Fed. R. Civ. P. 26(a)(2).

      E.    "Outside Consultant" shall be an expert witness who is not a current employee of any of the Parties to this Litigation, and whose advice and consultation are being or will be used in connection with this Litigation by Outside Counsel, but such expert witness will not be a Testifying Expert.

    3.  **Non-Parties Under the Protective Order.** Unless otherwise stipulated in writing, this Protective Order shall apply to any information provided by a Non-Party in discovery in this Litigation.  With respect to such information provided and so designated by a Non-Party, such Non-Party has the same rights and obligations under this Protective Order as held by the Parties to this Litigation, and the Parties will treat such CONFIDENTIAL INFORMATION in accordance with this Protective Order.  Because a Non-Party may be requested to produce documents containing information that a Party considers confidential, all documents produced by a Non-Party in this Litigation shall be treated as if designated CONFIDENTIAL INFORMATION under this Protective Order for a period of seven (7) days after production in order to allow the Parties time to review the documents and make any appropriate designations hereunder.  Additionally, a Producing Party may redact or withhold the CONFIDENTIAL INFORMATION of a Non-Party that is in its possession where the CONFIDENTIAL INFORMATION belongs solely to the Non-Party and the Producing Party is under an obligation not to disclose such information, provided that the Producing Party shall promptly notify the Receiving Party that such information is being withheld, identify the Non-Party to the Receiving Party, and shall promptly notify the Non-Party that the information has been requested, provide the Non-Party with a copy of this Protective

Order, make reasonable efforts to obtain the Non-Party's consent to produce it under the terms of this Protective Order and inform the Non-Party that the information will be produced unless it appears within 21 days and seeks additional restrictions on the information.   If neither the Non-Party nor Producing Party appears and seeks additional restrictions within 21 days after the notification is sent by the Producing Party to the Non-Party, the Producing Party shall produce the Non-Party's information according to the terms of this Protective Order.

Nothing in this provision or this Protective Order permits a Producing Party to redact or withhold discoverable documents and things merely on the bases that the Producing Party and the Non-Party have an agreement or understanding that an obligation exists not to disclose such CONFIDENTIAL INFORMATION if the CONFIDENTIAL INFORMATION belongs to the Producing Party, for example, if the CONFIDENTIAL INFORMATION concerns work performed on behalf of the Producing Party and/or consideration was paid by the Producing Party for the work that constitutes the CONFIDENTIAL INFORMATION.

4. **Marking Documents and Things**. Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked respectively with the following legend, or a similar designation, when the document or thing is produced to the Receiving Party:

CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER

Anything that cannot be labeled or marked on its face with the above legend shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Inspection of materials shall be conducted only by persons eligible under Paragraph 11 below.  Such persons shall initially treat all materials disclosed during any inspection as containing CONFIDENTIAL INFORMATION until such materials are produced.  Thereafter,

such materials shall be treated by the Receiving Party in accordance with the confidentiality designation made at the time of their production.

To the extent agreed to by the Parties, all documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and exchanged at a mutually agreeable date and time.  Any materials marked with the designation "Redacted-Privileged," or a similar marking are not required to be logged in a Party's privilege log in the first instance.  Upon a showing of good cause (*e.g.*, that the sender, recipients, or nature of the privilege cannot be ascertained), the Receiving Party may request that the Producing Party log a redacted document.  The Parties need not log material in a privilege log to the extent that material was generated on or after the filing date of this Litigation, or for parties added under Paragraph 29, the date the parties were added to this Litigation.

In the event that the Receiving Party copies or translates any CONFIDENTIAL INFORMATION, that Receiving Party agrees to clearly designate all such copies and translations with the appropriate confidentiality legend pursuant to Paragraph 4 of this Protective Order.

In limited circumstances where the Producing Party is producing sensitive financial information, the Producing Party may request that these financial documents or information being produced be treated as "Outside Counsel Only."[1] Counsel for the Receiving Party may within five (5) calendar days after such a request, serve an objection to the request if a reasonable basis for such objection exists.  If counsel for the Receiving Party fails to object to such designation within the prescribed period, any objection to such designation shall be deemed waived and the Receiving

---

[1] Persons described in Paragraph 11.B designated by a Party shall be permitted access to unredacted pleadings, court filings, declarations, and expert reports, directed toward that Party, that refer to material the Producing Party has requested be treated as "Outside Counsel Only."  However, such persons shall not be permitted to review the underlying financial documents or information.

Party agrees not to disclose such documents or information to any persons listed under Paragraph 11.A of this Protective Order.  If within ten (10) business days after service of an objection, no agreement is reached between the Parties to the objection, then counsel for the Receiving Party who served the objection may seek relief from the Court pursuant to the Court's dispute procedure set forth in the Scheduling Order.  Failure to timely contact the Court pursuant to the Court's discovery dispute procedure set forth in the Scheduling Order shall operate as a waiver of such objection.  Counsel for Receiving Party shall <u>not</u> provide access to such documents or information to persons listed under Paragraph 11.A of this Protective Order until any objections are resolved to allow the Receiving Party to do so.

5.   **Marking Interrogatories, Requests for Admissions, and Deposition Testimony on Written Questions.** Any response to interrogatories, response to requests for admissions, and deposition testimony upon written questions that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the appropriate legend indicated in Paragraph 4 when the response or testimony is served upon the Receiving Party.

6.   **Marking Deposition Testimony.** A deposition, or any portion of a deposition, may be designated CONFIDENTIAL INFORMATION during the deposition itself.  Regardless of whether such a designation is made during the deposition, all testimony adduced at depositions and any transcripts or videos thereof will be presumptively treated as CONFIDENTIAL INFORMATION for a period beginning from the date of the deposition until thirty (30) days after a complete copy of the transcript has been provided to the deponent or the deponent's counsel. Within this thirty-day (30) period, any Party may designate the deposition transcript and video, or any portion of the deposition transcript and video, as CONFIDENTIAL INFORMATION by specifying in writing to the court reporter and counsel the portion(s) of the transcript believed to

constitute or contain CONFIDENTIAL INFORMATION by page and line number.

7. **Limitations on Attendance at Depositions.** Counsel for a Producing Party may request that all persons other than the witness, the court reporter, the videographer, information technology personnel, counsel for the witness (if a Non-Party witness), and any persons authorized under this Protective Order to receive CONFIDENTIAL INFORMATION of the Producing Party leave the deposition room during any portion of a deposition that inquires about or discloses subject matter that such counsel deems CONFIDENTIAL INFORMATION.  If such persons fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the appropriate Court, and, pending resolution of that request, instruct, or request the witness not to answer questions relating to, or to limit disclosure of, the CONFIDENTIAL INFORMATION at issue.

8. **Inadvertent Production of CONFIDENTIAL INFORMATION.** If a Producing Party inadvertently or mistakenly produces any CONFIDENTIAL INFORMATION without labeling, marking, or designating it as provided in this Protective Order, the Producing Party may, within ten (10) business days after learning of the inadvertent or mistaken production, give written notice to the Receiving Party that the material at issue is or contains CONFIDENTIAL INFORMATION and should be treated as such in accordance with this Protective Order.  In such instance, the Producing Party shall also provide replacement copies of the material at issue properly marked as required under this Protective Order within a reasonable period of time.  Upon receipt of such properly marked replacement copies, the Receiving Party shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake best efforts to correct any disclosure of such information contrary to the re-designation. Disclosure of such information to persons not authorized to receive CONFIDENTIAL INFORMATION prior to receipt of such notice shall not be deemed a violation of this Protective

8

Order.

Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order, (b) within five (5) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and request such person to sign the Undertaking in the form attached hereto as **Exhibit A**, and (c) within five (5) business days of the discovery of such disclosure, provide written notice to the Producing Party of the unauthorized disclosure, including the identity of the unauthorized recipient and the CONFIDENTIAL INFORMATION disclosed.

9. **Inadvertent Production of Privileged or Work Product Information.** The inadvertent production during discovery of any document or other information subject to the attorney-client privilege, work-product immunity, or any other applicable statutory or common law privilege, limitation, or immunity from disclosure ("Inadvertently Produced Privileged Information") shall be without prejudice to any claim that such material is privileged or protected from discovery and shall not be deemed a waiver of any type of privilege or immunity, provided that the holder of the privilege or protection has complied with the requirements of Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, including having taken reasonable steps to prevent the inadvertent disclosure and promptly taken reasonable steps to rectify the error. Upon receiving a written request to do so from the Producing Party, the Receiving Party shall immediately sequester the document or other information and shall, within seven (7) days of receiving such written request, destroy or return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client

privilege or work product immunity and were inadvertently or mistakenly produced.  Within seven (7) days of receiving such written request, the Receiving Party also shall destroy or return any copies, extracts, complete or partial summaries, and notes relating to, discussing, or describing any such inadvertently or mistakenly produced information, including any electronic records thereof. The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.  Within fourteen (14) days of providing such written request, the Producing Party must provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) listing the inadvertently produced documents.  The Receiving Party may move the Court for an order compelling the production of such information within seven (7) days of receiving the privilege log listing the inadvertently produced documents, but such a motion does not relieve the Receiving Party of complying with the requirements of this paragraph, and for the avoidance of doubt, the Receiving Party may not use the fact of inadvertent production as a basis for seeking to compel production.  The Producing Party shall retain copies of all returned documents and tangible things, and if such a motion is filed by the Receiving Party, shall upon request of the Court provide copies to the Court of the documents, things, or information that are the subject of the motion.  The Party claiming privilege or work product protection shall have the burden of proving that such privilege or work product protection exists.

a.      With respect to documents or things generated by a Receiving Party, which documents or things contain information derived from such inadvertently produced documents or things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claim of attorney-client privilege or work product immunity within 28 days of receiving written notice of the inadvertent production, or within 7 days after the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall

either destroy the derivative documents or things or redact from them all such derivative privileged or work product information in a manner such that the derivative information cannot be retrieved or reproduced.

       b.      If, in a deposition, hearing, or other proceeding the Party who made the inadvertent production or disclosure makes a request on or off the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing, subject to all other provisions of this paragraph including the provisions concerning moving to compel production of such documents.

       c.      The procedures set forth in this Paragraph for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

10. **Disclosure and Use of Designated Materials.** Subject to the limitations and restrictions of this Protective Order and any further order of the Court, material designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be maintained in strict confidence by the Receiving Party in accordance with the terms of this Protective Order and shall be used only for purposes of this Litigation, or any appeal thereof.  Such material shall remain confidential at trial, and during any appeals to this Litigation, except to the extent made public in open court, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court.

11. **Access to CONFIDENTIAL INFORMATION.**  Material designated CONFIDENTIAL

INFORMATION, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order and shall not be disclosed by the Receiving Party to any party or person not entitled under this Protective Order to have access to such material. Subject to all other restrictions in this Protective Order, and subject to the further requirements described in Paragraph 12, CONFIDENTIAL INFORMATION may be disclosed to only the following persons:

A.   Outside litigation counsel of record for the Receiving Party and their partners, associates, paralegals, secretaries, employees, and agents;

B.   No more than <u>four</u> (4) in-house legal personnel from Plaintiffs and Defendant who are employees or act as in-house legal counsel of one of the Parties, including their support staff, who are directly involved in the prosecution or defense of this Litigation whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION; provided, however, that any such in-house legal personnel shall be identified in writing to the Producing Party;

- For Plaintiffs:

Brian Anderson
Vice President, IP Litigation
1 Astellas Way
Northbrook, IL 60062

Chika S. Seidel
Associate Director, IP Litigation
2375 Waterview Drive
Northbrook, IL 60062

Yoriko Suzuki
Executive Director, Intellectual Property
Astellas Pharma Inc.
2-5-1, Nihonbashi-Honcho
Chuo-ku, Tokyo 103-8411
Japan

12

- For Defendant:

      Chitrang Parikh
      400 S. Technology Dr
      Central Islip, NY 11722

      Meghana Vidalya
      400 S. Technology Dr
      Central Islip, NY 11722

C.    Testifying Experts, Outside Consultants, and their staff regarding any issue in this Litigation and who are not current employees of any of the Parties to this Litigation, whose advice and consultation are being or will be used in connection with this Litigation, including their stenographic, laboratory, and/or clerical personnel;

D.    The Court before which this Litigation is pending and its authorized staff, court reporters, and the jury;

E.    Any interpreter or translation service, and any typist or transcriber used thereby; and

F.    A Party's outside copying, graphic, or design services, computer services, trial consultants, court reporters, videographers, computerized litigation support and information management services, e-discovery vendors and contract document review attorneys performing services in conjunction with this Litigation, and other such litigation-related services, who are assisting in the prosecution or defense of this Litigation.

12. **Further Requirements for Access to CONFIDENTIAL INFORMATION**:  Prior to disclosure of CONFIDENTIAL INFORMATION to any of the persons described in Paragraph 11, the following further limitations shall apply:

A.    With respect to any of the persons described in Paragraph 11.B, counsel for the Receiving Party shall first obtain from each such person a signed Undertaking substantially in the form annexed as **Exhibit A**, and CONFIDENTIAL INFORMATION shall not be disclosed to any such person for a period of fourteen (14) days after serving by electronic mail the Producing Party with such Undertaking.

B.    With respect to any of the Testifying Experts or Outside Consultants described in Paragraph 11.C, counsel for the Receiving Party shall first obtain from each such person:

    (1).  A signed Undertaking substantially in the form annexed as **Exhibit A**;

    (2).  A current curriculum vitae or resume (including employment history);

    (3).  A list of all publications authored in the previous 10 years;

    (4).  A disclosure of any consulting or other relationship to any Parties to this Litigation within the past five (5) years (excluding non-testifying litigation consulting the existence of which is protected by attorney work product immunity);

    (5).  A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (6).  An identification of which Party or Parties retained the Testifying Expert or Outside Consultant.

CONFIDENTIAL INFORMATION shall not be disclosed to any such person for a

period of fourteen (14) days after serving by electronic mail the Producing Party with all items required in this subparagraph. This disclosure provision is not applicable to staff, consultants, laboratory and technical personnel working under the direction of the Testifying Experts or Outside Consultants, who will be granted access under the control of the Testifying Expert or Outside Consultant once allowed under this Protective Order.

13. **Objections to Testifying Experts and Outside Consultants**: Counsel for the Producing Party may within seven (7) days after service of all items required in Paragraph 12.B, serve an objection if a reasonable basis for such objection exists. If counsel for the Producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the seven-day period. CONFIDENTIAL INFORMATION will not be disclosed to the person as to whom objection was served, absent agreement by the Producing Party who served the objection. If within seven (7) days after service of an objection, no agreement is reached between the Parties to the objection, then counsel for the Producing Party who served the objection may seek relief from the Court pursuant to the Court's dispute procedure set forth in the Scheduling Order for an order denying disclosure of any CONFIDENTIAL INFORMATION to the person as to whom the objection was served no later than ten (10) days after service of the objection. If the Producing Party seeks such relief, CONFIDENTIAL INFORMATION shall not be disclosed to the person as to whom the objection was served until the Court orders, or agreement is reached, that such disclosure may be made. Failure to timely contact the Court pursuant to the Court's discovery dispute procedure set forth in the Scheduling Order shall operate as a waiver of such objection.

14. **<u>Substitution of In-House Counsel</u>**.  If at the time this Protective Order is signed, a Party has not identified each of its in-house legal personnel as allowed in Paragraph 11.B, it may add in-house legal personnel provided it serves written notification to all Producing Parties along with a completed and signed Undertaking substantially in the form annexed as **Exhibit A**.  Additionally, the Parties may, on a one-for-one basis, substitute other in-house legal personnel under Paragraph 11.B for the previously listed person(s), provided that the Party making such a substitution gives the other Party seven (7) days written notice prior to said substitution.  The Producing Party has a period of seven (7) days to object to the addition or substitution of in-house legal personnel, unless otherwise extended by mutual agreement between the Parties, commencing with the receipt by outside counsel for the Producing Party of a copy of the in-house legal personnel's completed and signed Undertaking substantially in the form annexed as **Exhibit A**.  During this period, outside counsel for the Producing Party may object in good faith to the disclosure of CONFIDENTIAL INFORMATION to this in-house legal personnel for cause (*e.g.*, an identified conflict of interest). If outside counsel for the Producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the five-day period.  In the event that a good faith objection is made within the prescribed period, there shall be no disclosure of CONFIDENTIAL INFORMATION to the in-house legal personnel.  Within seven (7) days after receipt of the objection, if the Parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the in-house legal personnel, outside counsel for the objecting Party may subsequently move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the in-house legal personnel.  If the objecting Party files this motion, the CONFIDENTIAL INFORMATION shall not be disclosed to the in-house legal

personnel until the Court rules or the objecting parties agree that such disclosure may be made. Failure to file such a motion within the seven (7) day period shall operate as a waiver of this objection.

15. **Limitations on the Use of CONFIDENTIAL INFORMATION.**  Except as expressly set forth this Protective Order, nothing in this Protective Order shall prevent or limit any Party's ability to use the CONFIDENTIAL INFORMATION produced by another Party or Non-Party for any purpose in connection with this Litigation, including but not limited to, pleadings, discovery responses, expert reports, depositions, briefs, at hearings, or at trials.   CONFIDENTIAL INFORMATION shall be used only for the purposes of this Litigation, and those persons with access to CONFIDENTIAL INFORMATION shall not use such CONFIDENTIAL INFORMATION for competitive business decisions and/or regulatory decisions unrelated to this Litigation. Nothing in the Protective Order prevents any person who has access to CONFIDENTIAL INFORMATION from performing work before the FDA solely for obtaining or maintaining approval of the Receiving Party's own NDA, sNDA,  ANDA, or sANDA, provided no CONFIDENTIAL INFORMATION of the Producing Party is used or disclosed.  Nothing in this Protective Order shall limit or restrict the manner in which any Party may use or handle its own CONFIDENTIAL INFORMATION.

Notwithstanding the above restrictions, the following additional restrictions shall apply to the identified persons provided access in Paragraph 11 to CONFIDENTIAL INFORMATION:

A.     With respect to persons identified in Paragraphs 11.A, 11.B, or 11.C, such persons shall not engage in prosecution of patent applications claiming mirabegron, polymorphs of mirabegron, pharmaceutical compositions containing mirabegron, and/or, including any methods of use or administration of mirabegron, for a period

beginning when such person first accessed the CONFIDENTIAL INFORMATION of a Producing Party and ending two (2) years from the termination of this Litigation (including any appeals thereof), without prior approval to do so from the Producing Party.  This subparagraph does not prevent the person from monitoring or providing advice concerning such prosecution, but such advice cannot include providing recommendations regarding drafting, crafting, or amending of patent claims to persons engaged on behalf of the Receiving Party in such activities performing work before the U.S. Patent & Trademark Office or foreign patent office, and no CONFIDENTIAL INFORMATION of the Producing Party may be used or disclosed.   This subparagraph further precludes the use of all other CONFIDENTIAL INFORMATION by such persons for the purposes of amending, crafting, or drafting of patent claims (including providing recommendations regarding drafting, crafting, or amending of patent claims to persons engaged on behalf of the Receiving Party in such activities) relating to mirabegron during post-grant proceedings, including inter partes review proceedings, post-grant review proceedings, and covered business method review proceedings, reissue, or ex parte reexamination before the U.S. Patent & Trademark Office, or corresponding proceedings before any foreign patent authority, without first obtaining (1) consent from the Producing Party or (2) an order from the Court.  Such persons, however, shall not be precluded from otherwise participating on behalf of the Receiving Party in any such post-grant proceedings with respect to patents involving mirabegron, or any appeals thereof, but in any post grant proceeding initiated by the patent owner such advice cannot include providing recommendations regarding drafting,

crafting, or amending of patent claims (including providing recommendations regarding drafting, crafting, or amending of patent claims) to persons engaged on behalf of the Receiving Party in such activities, and, in any case, no CONFIDENTIAL INFORMATION of the Producing Party may be used or disclosed without first obtaining (1) consent from the Producing Party or (2) an order from the Court.

B.     With respect to persons identified in Paragraphs 11.B, such persons shall not be involved in any petitioning, counseling, litigation, or other work before or involving the FDA concerning Myrbetriq®, mirabegron, and/or therapeutic equivalents thereof, including any methods of use or administration of mirabegron, including but not limited to the preparation or submission of any FDA correspondence (e.g., citizen petitions), or any similar correspondence in any foreign country, regarding approval requirements for mirabegron, for a period beginning when such person first has access to CONFIDENTIAL INFORMATION and ending two (2) years from the end of this Litigation (including any appeals thereof), without prior approval to do so from the Producing Party.  Provided, however, nothing in this provision prevents the person from performing work before the FDA solely for obtaining or maintaining approval of the Receiving Party's own NDA, sNDA, or ANDA provided no CONFIDENTIAL INFORMATION of the Producing Party is used or disclosed.

The restrictions provided in these subparagraphs above shall apply to individual persons and not the organizations by which they are employed or affiliated, provided however, that an appropriate ethical wall shall be established if others at the organization are engaged in any of the

above activities.

16. **<u>Disclosure to Other Persons.</u>** CONFIDENTIAL INFORMATION may be disclosed to persons <u>not</u> identified in Paragraph 11 as follows:

A.    To persons <u>not</u> identified in Paragraph 11 as agreed to by the Producing Party;

B.    Any Receiving Party may move the Court for an order, pursuant to the procedure set forth in the Scheduling Order, that a person <u>not</u> identified in Paragraph 11 be given access to information designated CONFIDENTIAL INFORMATION.  If the motion is granted, such person may have access to the CONFIDENTIAL INFORMATION after first signing an Undertaking substantially in the form of **Exhibit A** attached hereto;

C.    Any Receiving Party may disclose CONFIDENTIAL INFORMATION to a person who: (i) prepared, received, reviewed, or had personal knowledge of the CONFIDENTIAL INFORMATION as demonstrated by the CONFIDENTIAL INFORMATION itself or foundation testimony; (ii) is a currently-employed officer or director of a Producing Party but only the CONFIDENTIAL INFORMATION of the Producing Party; and/or (iii) is a witness designated for the Producing Party under Fed. R. Civ. P. 30(b)(6) concerning any topic to which the CONFIDENTIAL INFORMATION is relevant; and

D.    A Party may disclose or use in any manner or for any purpose any CONFIDENTIAL INFORMATION that the Party itself has designated CONFIDENTIAL INFORMATION under this Protective Order.

17. **<u>Other Proceedings.</u>**  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL INFORMATION" pursuant to this Protective Order shall notify that Party within seven (7) days of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

18. **<u>Filing Under Seal.</u>** If any Party files CONFIDENTIAL INFORMATION (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of CONFIDENTIAL INFORMATION in connection with any motion, other written submission, hearing, or trial in this Litigation, the filing Party shall make such filing under seal in accordance with Local Civil Rule 5.1.3, the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, and any other procedures required by the Court; provided, however, that the burden of proving that such information should be sealed shall at all times remain on the Party that designated the information CONFIDENTIAL INFORMATION.

Any document that is to be filed with the Court that contains or discloses CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page, along with "Contains Confidential Information of" followed by a list of the Party or Parties whose CONFIDENTIAL INFORMATION is included in the filing, such as shown below:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., *et al.*, | ) **FILED UNDER SEAL** |
| | ) |
| | ) **Contains Confidential Information** |
| Plaintiffs, | ) **of [LIST PARTIES]** |
| | ) |
| v. | ) |
| | ) |
| ASCENT PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 23-cv-486-JFB-CJB |
| | ) |
| | ) |
| | ) |

**[Title of Document]**

19. **Redaction of CONFIDENTIAL INFORMATION.**  With respect to any document that is filed with the Court by a Receiving Party, including any brief, letter, or declaration that contains the CONFIDENTIAL INFORMATION of a Producing Party, the Receiving Party will take all the necessary steps to preserve the confidentiality of the CONFIDENTIAL INFORMATION.  No provision of this Protective Order modifies or relieves a Receiving Party from providing the Court with a fully redacted version of any document it files with the Court, wherein all CONFIDENTIAL INFORMATION of any Producing Party has been redacted for public dissemination, within the time period(s) required by the Court.

To avoid confusion and motion-practice on the proper scope of redactions, for any document filed with the Court by a Producing Party or any expert report served by a Producing Party containing the Producing Party's CONFIDENTIAL INFORMATION, the Producing Party

shall provide a redacted version of the document or expert report with the Producing Party's own CONFIDENTIAL INFORMATION redacted within a reasonable time frame (and no more than 3 days after it is filed).

20. **Court Proceedings.** With respect to testimony elicited during hearings, trial, or other court proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION, counsel may designate on the record that such disclosure is subject to this Protective Order.   Whenever matter designated CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any Party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not permitted access to the CONFIDENTIAL INFORMATION pursuant to this Protective Order and/or seek to redact portions of the transcript reflecting CONFIDENTIAL INFORMATION.

21. **Challenging Designations.** The acceptance by the Receiving Party of material designated CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.  Any Receiving Party may at any time request that the Producing Party cancel or modify a CONFIDENTIAL INFORMATION designation. Such request shall be made to counsel for the Producing Party in writing and shall particularly identify the designated CONFIDENTIAL INFORMATION that the Receiving Party contends is not CONFIDENTIAL INFORMATION and the reasons supporting that contention.   If the Producing Party does not agree to remove or modify the CONFIDENTIAL INFORMATION designation within fourteen (14) days of such request, the Party contending that such documents or material are not properly designated may request by motion that the Court change the designation or remove such material from any or all of the restrictions of this Protective Order.

On such a motion, the Party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION warrants the applicable protections under this Protective Order.

22. **Limitations on Advice to Clients.** Nothing in this Protective Order shall bar or otherwise restrict any counsel from rendering advice to their client, and in the course thereof, relying upon such counsel's examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the counsel shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

23. **No Expansion of Federal Rules of Civil Procedure.** Nothing in this Protective Order shall be construed (1) to affect or govern the scope of discovery in this Litigation; (2) to preclude any Party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure; (3) to require a Party to produce any CONFIDENTIAL INFORMATION that is not relevant and discoverable pursuant to Fed. R. Civ. P. 26 and the surrounding case law; (4) to preclude any Party from moving the Court for an order compelling production or disclosure of such material; or (5) to require production or disclosure of any CONFIDENTIAL INFORMATION deemed by counsel for the Producing Party to be protected from disclosure by the attorney-client privilege or the attorney work product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure or as otherwise agreed by the Parties.

24. **Waiver or Termination of Protective Order; Survival of Obligations under Protective Order.** No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating Party or by an order of the Court for good cause shown.  This Protective Order shall survive the final termination

of this Litigation, including all appeals, and continue to bind all persons to whom CONFIDENTIAL INFORMATION is disclosed hereunder to the extent such material is not, or does not become, known to the public.  The Court retains jurisdiction subsequent to any settlement or entry of judgment to enforce the terms of this Protective Order.

25. **Handling of CONFIDENTIAL INFORMATION at the Conclusion of this Litigation.** Within sixty (60) days after the conclusion of this Litigation, including any Appeals, all of the persons described in Paragraphs 11.B, 11.C, 11.E, or 11.F who were granted access to CONFIDENTIAL INFORMATION shall return to the Party's outside counsel or confirm destruction of all copies of such documents or things.

Upon final termination of this Litigation, including all appeals, outside counsel under Paragraph 11.A for Receiving Party may retain copies of all pleadings, briefs, motions, communications and other documents actually filed with the Court and/or served on opposing counsel (such as discovery requests and responses) that may include CONFIDENTIAL INFORMATION, deposition transcripts, deposition exhibits, expert reports, and the trial record, as well as any notes, summaries, or other work files prepared by attorneys or outside experts or consultants, derived from or containing CONFIDENTIAL INFORMATION.  All other materials designated CONFIDENTIAL INFORMATION shall be, at the Receiving Party's option: (i) returned (except for any that may be retained by the Court) to the Producing Party; or (ii) destroyed by counsel for the Receiving Party, except that Material contained in e-mails, computer databases, backup tapes or disks, and/or other electronic formats shall not be subject to the return or destroy requirement.  Each Receiving Party shall certify in writing within ninety (90) days of the conclusion of this Litigation that it has complied with the provisions of this Paragraph.  As to CONFIDENTIAL INFORMATION stored in e-mails, computer databases, backup tapes or disks,

and/or other electronic formats, within ninety (90) days of the conclusion of this Litigation (including any appeals thereof), the Receiving Party shall either delete all such information or secure it in a manner reasonably calculated to prevent unauthorized access.

26. **<u>Publicly Available Information.</u>** The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION shall not apply to any information that the Producing Party agrees, or the Court rules, (a) should not be designated as such; (b) is or has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or agents in violation of this Protective Order; or (c) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party.  The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

27. **<u>Notices.</u>** Notices under this Protective Order shall be provided to the Parties' respective counsel by electronic mail, unless this provision is modified in writing by the Parties.  The date by which a Party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the electronic mail was received in the office of counsel.

    A. Notice to Defendant shall be to:

        Sri K. Sankaran
        Padmanabhan & Dawson, PLLC
        Suite 120
        9800 Shelard Parkway
        Minneapolis, Minnesota 55441
        (612) 444-3768

B.  Notice to Plaintiffs shall be to:

Simon D. Roberts
MCDERMOTT WILL & EMERY LLP
1 Vanderbilt Avenue
New York, NY 10017-3852
Tel: (212) 547-5868

28. **Storage of CONFIDENTIAL INFORMATION.** The Receiving Party of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe manner and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Receiving Party with respect to his/her/its own proprietary information.  Any vendor providing a Party with ongoing access to CONFIDENTIAL INFORMATION shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will take steps to provide access (e.g., through access codes or passwords) only to people who are entitled to access it under this Protective Order (including people retained or employed by the vendor entitled to such access).

29. **Parties to this Litigation.**   In the event additional parties join or are joined in this Litigation, they shall not have access to CONFIDENTIAL INFORMATION until the newly joined party or its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order is agreed to by all Parties and entered by the Court.  In the event that a new party is added, substituted, or brought into this Litigation, or in the event that new or substitute counsel is retained by a Party, this Protective Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Protective Order.  To the extent that a new party is added, substituted, or brought into this Litigation due to its relationship, either directly or indirectly, with the ANDA and/or NDA submitted by Defendant, the new party shall be deemed

as part of Defendant for all purposes in this Protective Order and shall be considered as a single "Party" for all purposes in this Protective Order.

30. **Modification of Order; Prior Orders and Agreements.**  This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further Order of the Court.  Additionally, this Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

31. **Entry of Protective Order**. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

Dated:  October 4, 2023

**SO STIPULATED:**

| | |
|---|---|
| MCCARTER & ENGLISH, LLP | MORRIS JAMES LLP |
| | |
| /s/ Alexandra M. Joyce | /s/ Cortlan S. Hitch |
| Daniel M. Silver (#4758) | Kenneth L. Dorsney (#3726) |
| Alexandra M. Joyce (#6423) | Cortlan S. Hitch (#6720) |
| Renaissance Centre | 500 Delaware Ave., Ste. 1500 |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | (302) 888-6800 |
| (302) 984-6300 | kdorsney@morrisjames.com |
| dsilver@mccarter.com | chitch@morrisjames.com |
| ajoyce@mccarter.com | |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Simon D. Roberts | Devan V. Padmanabhan |
| Jason A. Leonard | Sri K. Sankaran |
| Vincent Li | PADMANABHAN & DAWSON, P.L.L.C. |
| Jayita Guhaniyogi | 9800 Shelard Parkway, Suite 120 |
| MCDERMOTT WILL & EMERY | Minneapolis, Minnesota 55441 |
| One Vanderbilt Avenue | |
| New York, NY 10017-3852 | |

**SO ORDERED** this 4th day of October, 2023.

_Christopher J. Burke_
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASCENT PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 23-486-JFB-CJB |

**<u>CONFIDENTIALITY UNDERTAKING</u>**

I, _____, state that:

(a) My present residential address is:

_____.

(b) My present employer is:

_____.

(c) The address of my present employer is:

_____.

(d) My present occupation or job description is:

_____

_____.

(e) I read the Stipulated Protective Order ("Protective Order") in the above captioned case,

entered by the Court on _____.  I certify that I understand the terms of that Protective Order,

recognize that I am bound by the terms of that Protective Order, and agree to comply with those terms.  Further, I understand that unauthorized disclosure of any designated CONFIDENTIAL INFORMATION, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing Party.

(f) I understand that the CONFIDENTIAL INFORMATION disclosed to me is subject to various restrictions of use and disclosure, including the restriction that it is to be used solely in connection with this litigation, and not for any business or other purpose whatsoever.

(g) I agree not to use any CONFIDENTIAL INFORMATION except for purposes of the above-captioned case, and I agree not to disclose any such CONFIDENTIAL INFORMATION to persons other than those specifically authorized by said Order, without the express written consent of the Party who designated such document and/or information as being CONFIDENTIAL INFORMATION or by order of this Court.  I also agree to notify any stenographic, clerical, laboratory, or technical personnel who are required to assist me of the terms of said Protective Order.

(h) I understand that I am to retain all documents and/or information designated CONFIDENTIAL INFORMATION in a secure manner, and that all such documents and information are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and/or materials, including all copies thereof, and any writing prepared by me containing any CONFIDENTIAL INFORMATION, are to be destroyed or returned to counsel who provided me with such documents and materials as set forth in Paragraph 25.

(i) I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on (date): _____     Name:_____