IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENT PHARMACEUTICALS, INC., MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LTD.,<br><br>Defendants. | Civil Action No. 23-486-JFB-CJB<br>(CONSOLIDATED) |

## MEMORANDUM ORDER

At Wilmington, Delaware this **9th day of October, 2024**.

1. The Court, having carefully reviewed Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd. and Astellas Pharma Global Development, Inc.'s ("Plaintiffs") motion for leave to file a First Amended Complaint ("Motion"), (D.I. 73), the briefing related thereto, (D.I. 74; D.I. 77; D.I. 79), and having heard argument on the Motion on October 7, 2024, hereby ORDERS that the motion is DENIED for the reasons and in the manner set out herein.

2. With the Motion, Plaintiffs are seeking to add a breach of contract claim, brought pursuant to Delaware law, via the proposed First Amended Complaint (the "proposed FAC"). The breach of contract claim relates to Plaintiffs' assertion that they and Defendants MSN Pharmaceuticals Inc. and MSN Laboratories Private Ltd. ("MSN Defendants") previously agreed to settle this litigation pursuant to a settlement agreement (the "SA")—and that the MSN Defendants thereafter breached that agreement by continuing to challenge the validity of the patent-in-suit in this case. (D.I. 73, ex. 2 at ¶¶ 40-49, 80-86)

3. The MSN Defendants challenge the Motion on the ground of futility. That type of challenge is assessed in the same manner as a court reviews a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997). On this score, the MSN Defendants argue that the Motion is futile for two reasons. The Court need only take up the first reason here.

4. Pursuant to Delaware law, an element of a breach of contract claim is the existence of a valid contract. *Norman v. Elkin*, 726 F. Supp. 2d 464, 477 (D. Del. 2010) (citation omitted). With regard to the question of contract formation, Delaware law also explains that if one of the contracting parties states that he will not be bound by a contract until that party signs the document—explicitly making that signing a condition precedent—then the agreement will not be binding until the condition is met. *See Brady v. Huber*, C.A. No. 2019-0204-SEM, 2023 WL 3736371, at *6 (Del. Ch. May 31, 2023); *Schwartz v. Chase*, Civil Action No. 4274–VCP, 2010 WL 2601608, at *8 (Del. Ch. June 29, 2010); *Transamerican S.S. Corp. v. Murphy*, CIV. A. No. 10511, 1989 WL 12181, at *2-3 (Del. Ch. Feb. 14, 1989). The problem here for Plaintiffs is that the very agreement that the proposed FAC alleges that they are seeking to enforce—the SA—flatly states in Section 11 that it will "*not be binding* on the Parties until [the SA] *has been signed below by all the Parties*, at which time it shall be deemed effective as of its Effective Date." (D.I. 73, ex. 1 at ex. B at § 11 (emphasis added); *see also id.*, ex. 2 at ¶ 47) So absent further record allegations or evidence to the contrary, it simply cannot be plausible that the SA was enforceable prior to execution by both sides (and there is no allegation in the proposed FAC that the SA *was* ever executed by either side, let alone both sides). *Cf. Covoro Mining Sols., LLC v. Westlake Chems. & Vinyls, LLC*, Civil Action No. 23-1362-RGA, 2024 WL 3181878, at *4 (D. Del. June 26, 2024) (concluding, in assessing a motion to dismiss, that the

record indicated that no valid contract existed even after the plaintiff signed the proposed contract on August 7, 2023, since the contract itself stated that the defendant intended not to be bound by its terms "unless and until [the contract] is signed by an authorized representative of [Defendant]"—and because as of August 7, 2023, the defendant had not signed the contract) (citing Delaware law); *Rohm & Haas Elec. Materials, LLC v. Honeywell Int'l, Inc.*, C.A. No. 06-297-GMS, 2009 WL 1033651, at *6 (D. Del. Apr. 16, 2009) (resolving a motion to enforce a settlement agreement and concluding that the parties had entered into a binding settlement agreement—even where a draft written agreement containing key terms (one stating that it would only be effective once signed) had not yet been executed—but where there was abundant evidence of record that a binding agreement had nevertheless been reached, including the parties' repeated statements to each other and the Court that they "have reached a settlement" prior to execution) (internal quotation marks, citations and emphasis omitted).

5.  And here, there is *not* further evidence of record that would render it plausible that a binding contract existed. Indeed, if anything, the allegations in the proposed FAC further support the idea that signatures were required for any contract to be official. To that end, the proposed FAC pleads that the MSN Defendants' last communication—prior to the point at which Plaintiffs assert that there was a binding agreement between the parties—is alleged to have been: "Please let me know if you have any questions or comments, otherwise we can *proceed toward signing*." (D.I. 73, ex. 2 at ¶ 45 (emphasis added))  And the proposed FAC alleges that Plaintiffs' responsive comment was: "Astellas is ok with the changes. I'll circulate a copy *for execution*." (*Id.* at ¶ 46 (emphasis added))  If there was some other exchange between the parties suggesting that they considered Section 11's "not binding until signed" provision to no longer be a condition precedent to a final agreement, it has not been pleaded.

3

6. At times in their briefing and during oral argument, Plaintiffs' counsel suggested that their claim here is that the parties had a binding agreement only as to certain "essential terms" that were referenced in the SA—and not to the entirety of the SA (i.e., including Section 11). But that does not appear to be the claim that Plaintiffs pleaded. The breach of contract allegations in the proposed FAC do not use the phrase "essential terms." Instead, in the proposed pleading, when Plaintiffs reference the "binding agreement" that they "formed" with the MSN Defendants as of October 11, 2023, they further allege that "a copy of [that agreement] is attached as Exhibit B." (D.I. 73, ex. 2 at ¶ 45; *see also id*. at ¶ 81) Exhibit B is the SA. (*Id*., ex. 1 at ex. B) And the SA, of course, *includes* Section 11.

7. That said, it might be that in a future pleading, Plaintiffs could assert some additional facts that would make their breach of contract claim plausible. In light of that, because this is the first time that Plaintiffs' proposed breach of contract claim has been found wanting by a Court, and mindful of Federal Rule of Civil Procedure 15(a)(2)'s statement that a court should "freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the Court also ORDERS that Plaintiffs may file one further motion for leave to amend as to the breach of contract claim. If Plaintiffs wish to do so, they shall do so by no later than **October 23, 2024**.

8. For all of these reasons, Plaintiffs' Motion is DENIED without prejudice.

9. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit proposed, redacted versions (if necessary) of the Memorandum Order. Any such redacted version(s) shall be submitted no later than **October 14, 2024** for review by the Court. They should be accompanied by a motion for redaction that includes a factually-detailed explanation as to how

"disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of the Memorandum Order.

                                                                        */s/ Christopher J. Burke*
                                                                        Christopher J. Burke
                                                                        UNITED STATES MAGISTRATE JUDGE