IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENT PHARMACEUTICALS, INC., MSN PHARMACEUTICALS INC. and MSN LABORATORIES PRIVATE LIMITED<br><br>Defendants. | CIVIL ACTION NO. 23-486-JFB-EGT<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Ascent's objections to Magistrate Judge Tennyson's oral orders denying its motions to file an amended complaint. D.I. 219; D.I. 266.[1]

Magistrate Judge Tennyson discussed the relevant background in detail on the record. See D.I. 222, at 51–56; D.I. 266-1 at 9–10. Basically, this is a patent case involving several patents covering the same drug—Myrbetriq®. Ascent, a generic drug manufacturer, moved to add: (1) equitable defenses and counterclaims for one patent (U.S. Patent No. 10,842,780),[2] and (2) additional factual allegations regarding inequitable conduct for the rest.

---

[1] Magistrate Judge Tennyson ruled on the record at the hearing and did not enter an oral order. The citations here are to the transcripts.
[2] For context, the '780 Patent case was in a more advanced posture when the parties consolidated the Myrbetriq® cases. So, what was timely for the other patents in suit was dilatory for the '780 Patent.

1

Magistrate Judge Tennyson denied both motions in relevant part.[3]  See D.I. 222, at 51–56; D.I. 266-1 at 9–10. She denied the first motion because Ascent "did not move with sufficient diligence to add the '780 patent counterclaims and related affirmative defenses and that Ascent unduly delayed in attempting to do so."  D.I. 222, at 54:13–16.  Specifically, Ascent moved to amend a year after the deadline for amended pleadings in the '780 Patent litigation—well after invalidity contentions, claim construction, and the bulk of fact discovery occurred.  Id. at 54:17–55:2.  So, considering this delay, amendment was unwarranted under Fed. R. Civ. P. 15 or Fed. R. Civ. P. 16.  Id. at 54:13–16.  Weeks later, she denied the second motion on procedural and substantive grounds.  D.I. 266-1 at 9–10.  Procedurally, Ascent failed to submit the deposition transcripts containing the purported new testimony that inspired the amendment—violating D. Del. LR 5.4(b)(3).  Id. at 9, 32:2–23. Substantively, changing Ascent's inequitable conduct theory after the close of fact discovery would delay the litigation and prejudice Astellas.  Id. at 9–10, 32:24–36:12.  Ascent objects.  D.I. 219; D.I. 266.

Review of nondispositive pretrial matters referred to magistrate judges is governed by 28 U.S.C. § 636(b)(1)(A).  Gomez v. United States, 490 U.S. 858, 873–74 (1989); see also Fed. R. Civ. P. 72(a).  Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law."  See Equal Emp. Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  Id.

---

[3] Ascent's first motion to amend was granted as to the other patents in suit.  Astellas did not object to that decision, so it is not before the Court.

2

Ascent has not shown that Magistrate Judge Tennyson clearly erred or disregarded the applicable law. On the first motion, she correctly observed that Ascent was not diligent in seeking amendment regarding '780 Patent and provided no good cause for the delay—precluding relief under Fed. R. Civ. P. 16(a)(4) and 15(a)(2). On the second, she correctly observed Ascent failed to comply with the applicable procedural rules and determined that Ascent's proposed amendments would prejudice Astellas and waste judicial resources. Ascent's contentions boil down to disagreements with the weight Magistrate Judge Tennyson gave certain facts and her assessment of the equities. But she thoughtfully applied the correct law, and her factual conclusions had ample support in the record. So, Ascent's objections are overruled.

Ascent did not show that Magistrate Judge Tennyson clearly erred or misapplied the law.

THEREFORE, IT IS ORDERED:

1. Ascents Objections (D.I. 219; D.I. 266) are overruled.

Dated this 28th day of July 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge