**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS, IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ASCENT PHARMACEUTICALS INC., *et al.*,<br>Defendants. | Case No. 23-486-JFB-EGT<br>(Consolidated) |

**DEFENDANT'S OPPOSITION TO MOTION FOR RELIEF REGARDING
UNCONTESTED FACTS**

Astellas' motion is based on a supposed agreement that was never made.  Astellas provided its proposed statement of uncontested facts for the first time on September 17, 2025.  This litigation started more than two years earlier, in May 2023.  On September 17, 2025, with no purported stipulation in sight, Astellas should have been prepared to prove the facts necessary to establish its claim including ownership of the patents.  Astellas should have had the necessary witnesses and exhibits included in its witness and exhibit lists which were provided under the schedule on September 17 and September 24, respectively.

Two weeks after first receiving Astellas proposed statement of uncontested facts, per the agreed schedule, on October 1, 2025, Ascent responded, striking the proposed stipulations that are the subject of Astellas' motion.  Exhibit N to Astellas Motion at 2.  Ascent noted in the text of the document that it "would be open to additional stipulated facts proposed by plaintiffs, if plaintiffs were willing to stipulate to Ascent's proposed stipulated facts." Ascent included its proposed stipulated facts in redline.  Id.  The parties conferred on October 6; no agreement was reached.

1

Thereafter, Ascent heard nothing from Astellas on this subject until just after midnight on Saturday, October 11, when Astellas put all of its proposed facts back into the document and deleted most of Ascent's proposed facts.  On Sunday evening, October 12, Ascent responded. Ascent intended to delete all of the proposed facts that Astellas had jammed back into the document; inadvertently, a few of Astellas' proposals were not deleted.  On Tuesday, October 14 at 11:09 a.m. eastern, Astellas sent a clean version of the proposed uncontested facts; within 6 minutes of receipt, at 11:15 a.m. eastern, Ascent notified Astellas that:  "The uncontested facts are not right. There may have been an issue with the track changes. I am looking into that."  Exhibit 1.  Then, just a few minutes after that, at 11:22 a.m. eastern, Ascent provided the corrected document.  Exhibit 2 (attachment omitted).  There was never any agreement to stipulate to the facts that are the subject of Astellas' motion.

Astellas is making a "gotcha" argument.  The five paragraphs that Astellas jammed back into the proposal (after Ascent had objected to them) were not re-deleted when Ascent was going back through the redline on Sunday afternoon.  Within minutes of receiving the next version, Ascent promptly notified Astellas that the document was not correct and provided the necessary corrections.  Exhibits 1& 2.  There was never any agreement to stipulate to the proposed facts at issue.  Ascent for its part, is not playing "gotcha."  Even after this dispute arose, when Astellas inadvertently put the wrong facts into its statement of disputed fact issues, Ascent said it had no objection to Astellas correcting what was plainly an inadvertent error.

Astellas cannot plausibly blame Ascent for Astellas' own witness and exhibit problems. Astellas focuses on a redline that was sent on Sunday, October 11, and claims that this was the genesis of the supposed agreement.  But if that is true, then all the necessary exhibits and sponsoring witnesses should have been included on Astellas' exhibit and witness lists which were

served prior to the supposed agreement. They were not. Astellas now wants to get hundreds of pages of documents judicially noticed or admitted into evidence without a sponsoring witness, or to amend its witness list to include a sponsoring witness. There is no basis for the extraordinary relief that Astellas seeks. Astellas should be held to the same rules as Ascent.

Ascent denied these factual allegations in its original answers to the complaints (with one exception discussed below). This is shown by the excerpts below from the Answer to the Complaint asserting the '409, 451, and '189 patents (D.I. 18 in 1:24-cv-01084-JFB-EGT).

> 23. API is the record owner and assignee of the '409 Patent.
>
> **ANSWER:** Ascent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore denies them.
>
> 39. APGD holds approved New Drug Application ("NDA") No. 202611 for Myrbetriq ® extended-release tablets ("Myrbetriq® Tablets"), available in 25 mg ("25 mg Myrbetriq® Product") and 50 mg ("50 mg Myrbetriq® Product") strengths, which contain the active ingredient, mirabegron. The FDA approved NDA No. 202611 on June 28, 2012 for both the 25 mg Myrbetriq ® Product and the 50 mg Myrbetriq® Product.
>
> **ANSWER:** Ascent lacks information sufficient to form a belief as to the allegations in this Paragraph of the Complaint and therefore denies them.
>
> 40. AICL is the exclusive licensee of each of the Patents-in-Suit with the rights to develop, import, market, sell, distribute, and promote any and all pharmaceutical formulations in finished package forms, which contain mirabegron as the active ingredient in the United States.
>
> **ANSWER:** Ascent lacks information sufficient to form a belief as to the allegations in this Paragraph of the Complaint and therefore denies them.
>
> 41. APGD has contracted with AICL to, inter alia, clinically develop mirabegron and prepare and submit NDA No. 202611 for marketing approval of Myrbetriq® Tablets in the United States.
>
> **ANSWER:** Ascent lacks information sufficient to form a belief as to the allegations in this Paragraph of the Complaint and therefore denies them.
>
> 42. AICL has contracted with Astellas Pharma US, Inc., a subsidiary of API to, inter alia, market and sell Myrbetriq® Tablets, in the United States on AICL's behalf.
>
> **ANSWER:** Ascent lacks information sufficient to form a belief as to the allegations in this Paragraph of the Complaint and therefore denies them.

The one exception is that, in the Answer to Paragraph 23 of the Complaint asserting the '780 patent, D.I. 12 in 1:23-cv-00486, Ascent admitted on information and belief that API is the record

owner and assignee for the '780 patent. Ascent will stipulate to that fact regarding the '780 patent admitted in the Answer. But all the other facts at issue were denied. Astellas starts off its motion by pointing to allegations made on information and belief in Ascent's counterclaim. Astellas never raised these allegations in any of its discussions with Ascent's counsel regarding the proposed stipulated facts or this dispute. But if Astellas wants to rely on Ascent's allegations in the counterclaims to prove the facts at issue, it can do so.

Pursuant to the Court's case schedule the parties have been engaging in meet and confers and exchanging drafts of the pretrial order and exhibits to narrow their positions and finalize the proposed pretrial order to submit for the Court's consideration. It is natural, and often the case, that this draft will undergo several revisions and some errors will occur in the exchange. The purpose of the document is to finalize issues for trial. Plaintiff can hardly claim surprise or prejudice regarding an issue such as ownership or standing on which they bear the burden and which Ascent contested in its initial answers to the complaints.

For the reasons stated above Astellas' motion should be denied.

Dated:  October 17, 2025

        /s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*of Counsel:*

PADMANABHAN & DAWSON, P.L.L.C.
Devan V. Padmanabhan (pro hac vice)
Sri K. Sankaran (pro hac vice)
9800 Shelard Parkway
Suite 120
Minneapolis, Minnesota 55441
Telephone: (612) 444-3377
Facsimile: (612) 444-3195
devan@paddalawgroup.com
sri@paddalawgroup.com

*Attorneys for Defendant*
*Ascent Pharmaceuticals, Inc.*

# EXHIBIT 1

## Sri Sankaran

| | |
|---|---|
| **From:** | Sri Sankaran |
| **Sent:** | Tuesday, October 14, 2025 10:15 AM |
| **To:** | Parrado, Alvaro; Shari Frederick; Kenneth L. Dorsney; Cortlan S. Hitch; Emily Greek; Devan Padmanabhan; Mariah Reynolds; Katie J. Hunt |
| **Cc:** | #KE-Myrbetriq; Joyce, Alexandra; Ford, Katie; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com |
| **Subject:** | RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) - Ascent [Paddalaw-351.00705] |
| | |
| **Categories:** | Filed |

The uncontested facts are not right. There may have been an issue with the track changes. I am looking into that.

Best regards,

Sri

**Sri K. Sankaran**
*Partner*
*Padmanabhan & Dawson, PLLC*
*9800 Shelard Parkway, Suite 120*
*Minneapolis, Minnesota 55441*
*Direct: 612-444-3615*
*Office: 612-444-3768*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

---

**From:** Parrado, Alvaro <alvaro.parrado@kirkland.com>
**Sent:** Tuesday, October 14, 2025 10:09 AM
**To:** Shari Frederick <shari@paddalawgroup.com>; Kenneth L. Dorsney <KDorsney@morrisjames.com>; Cortlan S. Hitch <CHitch@morrisjames.com>; Emily Greek <EGreek@morrisjames.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Katie J. Hunt <KHunt@morrisjames.com>; Sri Sankaran <sri@paddalawgroup.com>
**Cc:** #KE-Myrbetriq <KE-Myrbetriq@kirkland.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com
**Subject:** RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) - Ascent [Paddalaw-351.00705]

Counsel,

Please find attached the presumptive JPTO for filing. We are only missing Ascent's trial exhibit list. Please confirm everything here looks ok to file and please provide Ascent's exhibit list as soon as possible.

Thank you,


**Álvaro R. Parrado**
Case Manager | Intellectual Property
────────────────────────────
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3407  **M** +1 212-960-8542
**F** +1 212 446 4900
────────────────────────────
alvaro.parrado@kirkland.com

---

**From:** Parrado, Alvaro <alvaro.parrado@kirkland.com>
**Sent:** Tuesday, October 14, 2025 10:23 AM
**To:** Shari Frederick <shari@paddalawgroup.com>; Kenneth L. Dorsney <KDorsney@morrisjames.com>; Cortlan S. Hitch <CHitch@morrisjames.com>; Emily Greek <EGreek@morrisjames.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Katie J. Hunt <KHunt@morrisjames.com>; Sri Sankaran <sri@paddalawgroup.com>
**Cc:** #KE-Myrbetriq <KE-Myrbetriq@kirkland.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com
**Subject:** RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) - Ascent [Paddalaw-351.00705]


Counsel,

It appears the document titled Exhibit 4.1(A) contains an incorrect document. Can you please provide a replacement exhibit 4.1. Additionally, pursuant to paragraph 72 of the JPTO, please indicate on your exhibit list whether each trial exhibit has previously been marked as a deposition exhibit.

Thank you,

**Álvaro R. Parrado**
Case Manager | Intellectual Property
────────────────────────────
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3407  **M** +1 212-960-8542
**F** +1 212 446 4900
────────────────────────────
alvaro.parrado@kirkland.com

---

**From:** Shari Frederick <shari@paddalawgroup.com>
**Sent:** Tuesday, October 14, 2025 7:48 AM
**To:** Parrado, Alvaro <alvaro.parrado@kirkland.com>; Kenneth L. Dorsney <KDorsney@morrisjames.com>; Cortlan S. Hitch <CHitch@morrisjames.com>; Emily Greek <EGreek@morrisjames.com>; Shari Frederick <shari@paddalawgroup.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Katie J. Hunt <KHunt@morrisjames.com>; Sri Sankaran <sri@paddalawgroup.com>
**Cc:** #KE-Myrbetriq <KE-Myrbetriq@kirkland.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com
**Subject:** RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) - Ascent [Paddalaw-351.00705]

Counsel,

Please find Ascent's exchanges attached:

- Exhibit 2.2 - Ascent's statement of issues of fact
- Exhibit 3.2 - Ascent's statement of issues of law
- Exhibit 4.1(A) - Ascent's Objections to Astellas Witness List
- Exhibit 4.2 - Ascent's witness list
- Exhibit 5.2(A) - Ascent's deposition designations with Astellas objections
- Exhibit 5.2(B) - Ascent's objections to Astellas Counter Designations
- Exhibit 6.2 - Ascent's trial exhibit list with Astellas' objections

Kind regards,

**Shari L. Frederick**

*Legal Administrative Assistant*

*Padmanabhan & Dawson, PLLC*

*9800 Shelard Parkway, Suite 120*

*Minneapolis, Minnesota 55441*

*612-444-3768*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 2

## Sri Sankaran

| | |
|---|---|
| **From:** | Sri Sankaran |
| **Sent:** | Tuesday, October 14, 2025 10:22 AM |
| **To:** | 'Parrado, Alvaro'; Shari Frederick; Kenneth L. Dorsney; Cortlan S. Hitch; Emily Greek; Devan Padmanabhan; Mariah Reynolds; Katie J. Hunt |
| **Cc:** | #KE-Myrbetriq; Joyce, Alexandra; Ford,  Katie; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com |
| **Subject:** | RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) - Ascent [Paddalaw-351.00705] |
| **Attachments:** | 10-14 Ascent Rev - 10-12 Draft JPTO Ex. 1 (Uncontested Facts) (2025.10.10 Astellas Edits) (002).docx |
| | |
| **Categories:** | Filed |

Here is the revised Exhibit 1.  The only change was on page 2.


Ascent's exhibit list with the column noting deposition exhibit numbers has been sent.

Best regards,

Sri

**Sri K. Sankaran**
*Partner*
*Padmanabhan & Dawson, PLLC*
*9800 Shelard Parkway, Suite 120*
*Minneapolis, Minnesota 55441*
*Direct: 612-444-3615*
*Office: 612-444-3768*



*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** Parrado, Alvaro <alvaro.parrado@kirkland.com>
**Sent:** Tuesday, October 14, 2025 10:09 AM
**To:** Shari Frederick <shari@paddalawgroup.com>; Kenneth L. Dorsney <KDorsney@morrisjames.com>; Cortlan S. Hitch <CHitch@morrisjames.com>; Emily Greek <EGreek@morrisjames.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Katie J. Hunt <KHunt@morrisjames.com>; Sri Sankaran <sri@paddalawgroup.com>
**Cc:** #KE-Myrbetriq <KE-Myrbetriq@kirkland.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com

**Subject:** RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) -
Ascent [Paddalaw-351.00705]

Counsel,

Please find attached the presumptive JPTO for filing. We are only missing Ascent's trial exhibit list. Please confirm
everything here looks ok to file and please provide Ascent's exhibit list as soon as possible.

Thank you,


**Álvaro R. Parrado**
Case Manager | Intellectual Property
━━━━━━━━━━━━━━━━━━━━━━━━━━━
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3407  **M** +1 212-960-8542
**F** +1 212 446 4900
━━━━━━━━━━━━━━━━━━━━━━━━━━━
alvaro.parrado@kirkland.com

---

**From:** Parrado, Alvaro <alvaro.parrado@kirkland.com>
**Sent:** Tuesday, October 14, 2025 10:23 AM
**To:** Shari Frederick <shari@paddalawgroup.com>; Kenneth L. Dorsney <KDorsney@morrisjames.com>; Cortlan S. Hitch
<CHitch@morrisjames.com>; Emily Greek <EGreek@morrisjames.com>; Devan Padmanabhan
<devan@paddalawgroup.com>; Mariah Reynolds <mariah@paddalawgroup.com>; Katie J. Hunt
<KHunt@morrisjames.com>; Sri Sankaran <sri@paddalawgroup.com>
**Cc:** #KE-Myrbetriq <KE-Myrbetriq@kirkland.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie
<kford@mccarter.com>; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com
**Subject:** RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) -
Ascent [Paddalaw-351.00705]

Counsel,

It appears the document titled Exhibit 4.1(A) contains an incorrect document. Can you please provide a replacement
exhibit 4.1. Additionally, pursuant to paragraph 72 of the JPTO, please indicate on your exhibit list whether each trial
exhibit has previously been marked as a deposition exhibit.

Thank you,

**Álvaro R. Parrado**
Case Manager | Intellectual Property
━━━━━━━━━━━━━━━━━━━━━━━━━━━
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3407  **M** +1 212-960-8542
**F** +1 212 446 4900
━━━━━━━━━━━━━━━━━━━━━━━━━━━
alvaro.parrado@kirkland.com

---

**From:** Shari Frederick <shari@paddalawgroup.com>
**Sent:** Tuesday, October 14, 2025 7:48 AM
**To:** Parrado, Alvaro <alvaro.parrado@kirkland.com>; Kenneth L. Dorsney <KDorsney@morrisjames.com>; Cortlan S.
Hitch <CHitch@morrisjames.com>; Emily Greek <EGreek@morrisjames.com>; Shari Frederick
<shari@paddalawgroup.com>; Devan Padmanabhan <devan@paddalawgroup.com>; Mariah Reynolds
<mariah@paddalawgroup.com>; Katie J. Hunt <KHunt@morrisjames.com>; Sri Sankaran <sri@paddalawgroup.com>

2

**Cc:** #KE-Myrbetriq <KE-Myrbetriq@kirkland.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Ford, Katie <kford@mccarter.com>; DSilver@McCarter.com; Astellas_MyrbetriqMWETeam@mwe.com
**Subject:** RE: Astellas Pharma Inc., et al. v. MSN Pharmaceuticals Inc. et al., C.A. No. 23-486 (JFB-CJB) (consl.) (D. Del.) - Ascent [Paddalaw-351.00705]

Counsel,
Please find Ascent's exchanges attached:
- Exhibit 2.2 - Ascent's statement of issues of fact
- Exhibit 3.2 - Ascent's statement of issues of law
- Exhibit 4.1(A) - Ascent's Objections to Astellas Witness List
- Exhibit 4.2 - Ascent's witness list
- Exhibit 5.2(A) - Ascent's deposition designations with Astellas objections
- Exhibit 5.2(B) - Ascent's objections to Astellas Counter Designations
- Exhibit 6.2 - Ascent's trial exhibit list with Astellas' objections

Kind regards,
**Shari L. Frederick**
*Legal Administrative Assistant*
*Padmanabhan & Dawson, PLLC*
*9800 Shelard Parkway, Suite 120*
*Minneapolis, Minnesota 55441*
*612-444-3768*

*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately.*

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.